## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MATAMOROS RESTAURANTE Y** | § | |
| **CANTINA** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | **CIVIL ACTION NO. 5:17-CV-00037-** |
| **v.** | § | **FB** |
| | § | |
| | § | |
| **TRAVELERS CASUALTY** | § | |
| **INSURANCE COMPANY OF** | § | |
| **AMERICA** | § | |
| *Defendant* | | |

---

### PLAINTIFF MATAMOROS RESTAURANTE Y CANTINA'S FIRST AMENDED COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Plaintiff, Matamoras Restuarante Y Cantina, to complain of Defendant, Travelers Casualty Insurance Company of America (hereinafter "Defendant"). In support of their claims and causes of action, Plaintiff would respectfully show unto this Honorable Court as follows:

### JURISDICTION & VENUE

1. This Honorable Court has jurisdiction and venue is proper because (1) one or more acts or omissions forming the basis for liability occurred in Bexar County, Texas, (2) Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and (3) Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas.

2. Venue lies in the U.S. Western District of Texas, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

---

**PARTIES**

3.   Plaintiff is a restaurant conducting business in Bexar County, Texas.

4.   Defendant is a company engaged in the business of selling insurance policies and adjusting insurance claims. This includes selling residential policy number 680-6B824297-16-42 (hereinafter "the Policy") associated with claim number E4P2444001H (hereinafter "Claim"), both of which apply to Plaintiff's residence at issue in the present case. Defendant has appeared and answered through counsel and is before this Honorable Court for all purposes.

**FACTUAL BACKGROUND**

5.   This matter revolves largely around a first-party insurance dispute regarding the extent of damages and amount of loss suffered to Plaintiff's property. In addition to seeking economic and penalty-based damages from Defendant, Plaintiff also seek compensation from Defendant for damages caused by improper evaluation of the extensive losses associated with this cause.

6.   Plaintiff purchased a policy from Defendant, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

7.   The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 12844 IH-10 West, San Antonio, Texas 78249.

8.   Defendant and/or its agent sold the Policy insuring the Property to Plaintiff.

9.   Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because they are individuals who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

10.  On or around April 12, 2016, Plaintiff experienced a hail and wind storm event which caused substantial damage to the Property. The Property's damage constitutes a covered loss under

the Policy issued by Defendant. Plaintiff subsequently opened a claim and Defendant assigned an adjuster to adjust the claim. Defendant's adjuster inspected the Property on September 23, 2016. Following his inspection, Defendant's adjuster wrongfully and intentionally underpaid Plaintiff's claim.

11. Defendant's inadequate adjustment of the claim forced Plaintiff to retain a public adjuster to properly evaluate damages to the Property. On or around December 14, 2016, Plaintiff's public adjuster inspected the Property. Plaintiff's public adjuster estimated the damage to the Property to be $705,906.20. Plaintiff's public adjuster recommended significant repairs to the Property including the full removal and replacement of the Property's roofing system, including but not limited to: removal and replacement of approximately 1,105.00 square feet of standing seam metal roofing; removal and replacement of 4" ISO board; removal and replacement of approximately 102 squares of built-up roofing material; drip edge; and removal and replacement of roof flashing as soft metals cannot be reused under IRC 907.5.

12. In addition, Plaintiff's public adjuster recommended significant repairs to the Property's interior, including but not limited to: restoration and remodel of the 1/2"drywall; seal and paint of the stucco; scaffold costs; restoration and remodel of the suspended 2' x 2' ceiling tiles; and stain and finishing costs for the Property's baseboards. Plaintiff's public adjuster also allowed for the removal and replacement of approximately 1,742 square feet of stucco.

13. On December 19, 2016, Defendant responded to a Letter of Representation from Plaintiff's counsel, which failed to provide a prompt and reasonable explanation of the denial of coverage. Similarly, Defendant's response to Plaintiff's Deceptive Trade Practices Act Demand Letter also failed to provide a prompt and reasonable explanation of the denial of coverage.

14. Defendant wrongfully denied Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

15. Defendant's denial of Plaintiff's claim does not allow for adequate funds to cover the cost of repairs to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and denied payment.

16. Defendant's assigned adjuster acted as an authorized agent of Defendant. Defendant's assigned adjuster acted within the course and scope of his authority as authorized by Defendant. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

17. Defendant did not perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

18. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a hail and wind storm such as the one that damaged the Property.

19. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

20. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## CAUSES OF ACTION

## COUNT ONE: BREACH OF CONTRACT

21. Plaintiff hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

22. According to the Policy that Plaintiff purchased, Defendant had the absolute duty to investigate Plaintiff's damages and to pay Plaintiff's Policy benefits for the claim made due to the extensive damages caused by the hail and wind storm occurring on or around April 12, 2016. Defendant's conduct constitutes a breach of the insurance contract between Plaintiff and Defendant.

23. As a result of the hail and wind storm that occurred on or around April 12, 2016, Plaintiff suffered extreme damages. Despite objective evidence of such damages, Defendant has breached its contractual obligations under the Policy by failing to pay Plaintiff benefits related to the cost to properly repair Plaintiff's Property, as well as for related losses.  As a result of this breach, Plaintiff have suffered actual and consequential damages.

## COUNT TWO: VIOLATIONS OF THE TEXAS
## DECEPTIVE TRADE PRACTICES ACT

24. Plaintiff hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

25. Defendant and its representatives engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is

codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including, but not limited to:

    a.  Using or employing an act or practice in violation of the Texas Insurance Code (TEX. BUS. & COM. CODE § 17.50(a)(4)); and/or

    b.  Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(3)).

26. Specifically, Defendant's assigned adjuster intentionally refused to acknowledge objective evidence of hail and wind storm and damage to the Property's interior in order to deny coverage. Instead, Defendant's adjuster merely attributed the severe damage to the Property's interior to rot, mold, and deterioration. This failure to properly investigate and reliance on the prior estimate is an attempt to prevent Plaintiff from receiving benefits under the Policy that they are rightfully owed. This intentional conduct resulted in a severe underpayment of the claim in violation of TEX. INS. CODE § 541.060(a)(2)(A) because as a result of the September 23rd inspection, Defendant's liability had become reasonably clear and yet, Defendant failed to attempt to effectuate a prompt, fair, and equitable settlement in good faith. As Defendant is aware, the denial of coverage is inadequate to place the Property in its pre-loss condition.

27. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and practices, made by Defendant, to their detriment. As a direct and proximate result of Defendant's collective actions and conduct, Plaintiff have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff are entitled to. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages.

28. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff are entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. TEX. BUS. & COM. CODE § 17.50(b)(1).

29. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf.  Accordingly, Plaintiff also seek to recover their costs and reasonable and necessary attorneys' fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show themselves to be justly entitled by law and in equity.

### COUNT THREE: VIOLATIONS OF THE TEXAS INSURANCE CODE

30. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

31. Specifically, Defendant maintained its position based on its unreasonable investigations that it would not offer a proper, fair, or equitable settlement of the claim despite knowledge of its liability to Plaintiff when it received Plaintiff's attorney's Letter of Representation and Deceptive Trade Practices Act Demand which included Plaintiff's public adjuster's estimate of the damages. Such conduct is a violation of TEX. INS. CODE § 541.060(a)(2)(A). Additionally, Defendant failed to provide a prompt and reasonable explanation of this position in a letter dated July 26, 2016. Such conduct is violation of § 541.060(a)(3). Defendant's wrongful and intentional actions forced Plaintiff to retain the services of McClenny Moseley & Associates, PLLC.

32. Defendant and its assigned adjusters' actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    a. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

    b. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

    c. Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5)); and/or

    d. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured (§ 542.058(a)).

33. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff are entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs, and attorney's fees. Because Defendant acted knowingly, Plaintiff ask for three times their actual damages. § 541.152.

34. For failing to comply with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff are entitled to the amount of their claim, as well as interest at the rate of eighteen (18) percent per annum of the amount of their claim as damages, together with attorney's fees. § 542.060.

## COUNT FOUR: BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

35. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

36. An insurer breaches its duty of good faith and fair dealing "if the insurer knew or should have known that it was reasonably clear that the claim was covered," but nevertheless denied or unreasonably delayed paying the claim. *Graber v. State Farm Lloyds*, 2015 U.S. Dist. LEXIS 77361, at *13 (citing *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55-56 (Tex. 1997)). From and after the time Plaintiff's claim was presented to Defendant at the inspection on June 27th, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has denied Plaintiff's claim in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny coverage. This denial of coverage constitutes a breach of the duty of good faith and fair dealing.

37. For breach of the common law duty of good faith and fair dealing, Plaintiff are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount Plaintiff owed, and/or exemplary damages for emotional distress.

## COUNT FIVE: WAIVER & ESTOPPEL

38. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

39. Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

40. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff that far exceeds the minimum jurisdictional limits of this Honorable Court.

41. For breach of contract, Plaintiff are entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorneys' fees.

42. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff are entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorneys' fees. Plaintiff ask for three times Plaintiff's actual damages because Defendant acted knowingly and intentionally. TEX. INS. CODE § 541.152.

43. "Knowingly" means actual awareness of the falsity, unfairness, or deceptiveness of the act or practice on which a claim for damages is based. Actual awareness may be inferred. TEX. INS. CODE § 541.002(1). Similarly, "intentionally" means actual awareness of the falsity, deception, or unfairness of the act or practice, or the condition, defect, or failure, coupled with the specific intent that the consumer act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness. TEX. BUS. & COM. CODE § 17.45(13).

44. Defendant was aware that its acts or practices in failing to conduct a reasonable, thorough investigation resulted in a denial of Plaintiff's claim. Thus, Defendant is aware that the denial of coverage and subsequent payment are unfair and fail to place Plaintiff's Property in its pre-loss condition.

45. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff are entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

46. For breach of the common law duty of good faith and fair dealing, Plaintiff are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty,

such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

47. For the prosecution and collection of this claim, Plaintiff have been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff are entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## ADDITIONAL DAMAGES & PENALTIES

48. Defendant's conduct was committed knowingly and intentionally as stated in paragraphs 49-50. Accordingly, Defendant is liable for treble damages under the Deceptive Trade Practices Act, as well as all provisions of the Texas Insurance Code. TEX. BUS & COM. CODE §17.50(b)(1).

## ATTORNEY'S FEES

49. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, Texas Deceptive Trade Practices Act, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005. Plaintiff thereby requests that the Court and jury award their attorney's fees and expenses.

## JURY DEMAND

50. Plaintiff demand a jury trial pursuant to FED. R. CIV. P. 8(b).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded the actual damages, consequential damages, pre-judgment interest, additional statutory damages, post-judgment interest, reasonable and necessary

attorney's fees, court costs and for all other such relief, general or specific, in law or in equity, whether pled or unpled within this First Amended Complaint.

  For all reasons set forth above, Plaintiff prays it be awarded all such relief to which they are due as a result of the acts of Defendant, and for all such other relief to which Plaintiff may be justly entitled.

          Respectfully submitted,

          */s/ Derek L. Fadner*
          **McCLENNY MOSELEY & ASSOCIATES, PLLC**
          James M. McClenny
          Texas Bar No. 24091857
          Federal ID No. 2764142
          J. Zachary Moseley
          Texas Bar No. 24092863
          Federal ID No. 2706476
          Derek L. Fadner
          Texas Bar No. 24100081
          James@mma-pllc.com
          Zach@mma-pllc.com
          Derek@mma-pllc.com
          **Attorneys for Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22, 2017, a true and correct copy of the foregoing was served on all counsel of record, via the Court's electronic filing system and/or facsimile, pursuant to Federal Rule of Civil Procedure 5(b), as follows:

**Adami, Shuffield, Scheihing & Burns, P.C.**
Robert F. Scheihing
Texas Bar No. 17736350
bscheihing@adamilaw.com
SWBC Tower, Suite 900
San Antonio, TX 78216
Office No. 210-344-0500
Facsimile: 214-344-7228
***Counsel for Defendant***

*/s/ Derek L. Fadner*
Derek L. Fadner